T.C. Summary Opinion 2002-138

UNITED STATES TAX COURT

ROBERT L. AND SARA J. HELM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 13170-00S, 3727-02S.       Filed October 18, 2002.

Robert L. and Sara J. Helm, pro sese.

<u>John A. Freeman</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  These consolidated cases were
heard pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time that the petitions were
filed.[1]  The decisions to be entered are not reviewable by any
other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
taxable years in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes as shown below:

| Docket No. | Year | Deficiency |
|------------|------|------------|
| 13170-00S  | 1998 | $1,133     |
| 3727-02S   | 1999 | 2,674      |

After a concession by respondent,[2] the sole issue for decision is whether the amount of income resulting from petitioners' conversion of their traditional Individual Retirement Accounts (IRA) to Roth IRAs (conversion income) is an item of income for purposes of calculating whether petitioners' Social Security benefits are taxable.  We hold that it is.

Background

Most of the facts were stipulated, and they are so found. Petitioners resided in Howard, Ohio, at the time that their petitions were filed with the Court.

A.  Petitioners' IRA Conversions

In 1998, petitioner Robert L. Helm converted his traditional IRA with Fidelity Mutual to a Roth IRA with the same trustee. The total amount converted was $59,758.  In addition, petitioner Sara J. Helm converted her traditional IRA with Fidelity Mutual to a Roth IRA with the same trustee in 1998.  The total amount converted was $25,872.90.

---

[2]  For 1998, respondent concedes that petitioners received $980 of interest income rather than the greater amount reported by them on their return for that year.

Collectively, petitioners realized $85,630.90 of conversion income in 1998. Pursuant to section 408A(d)(3)(A)(iii), petitioners elected to report the conversion income on a 4-year ratable basis for a total annual amount of $21,407.73 beginning in 1998 through 2001.

### B. Petitioners' Social Security Benefits

Petitioners received the following Social Security benefits during the years in issue:

|  | 1998 | 1999 |
|---|---|---|
| Petitioner Robert L. Helm | $2,277 | $9,228 |
| Petitioner Sara J. Helm | 6,561 | 6,654 |
| Total | 8,838 | 15,882 |

### C. Petitioners' Forms 1040

For each of the 1998 and 1999 tax years, petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return. On both returns, petitioners listed their occupation as retired. Each petitioner attached a Form 8606, Nondeductible IRAs, to their 1998 return reporting their respective amount of conversion income and electing to ratably report such income over a 4-year period.

Petitioners reported the following income items on their returns for the years in issue:

|  |  | 1998 | 1999 |
|---|---|---|---|
| Line 8a. | Taxable interest | [1]$980.00 | $1,037.99 |
| Line 9. | Ordinary dividends | 6,265.99 | 6,395.04 |
| Line 13. | Capital gain or (loss) | 14,473.86 | 19,902.36 |
| Line 15a. | Total IRA distributions | $85,630.90 | --- |
| Line 15b. | Taxable amount | 21,407.73 | [2]21,407.50 |
| Line 33. | Adjusted gross income | 43,127.58 | 48,742.89 |

1 In 1998, petitioners originally reported $1,016.20 of interest income but actually received only $980. See supra note 2.

2 We note that in 1999 petitioners reported only $21,407.50 as conversion income instead of $21,407.73. There is nothing in the record to explain this discrepancy.

On their returns for 1998 and 1999, petitioners did not report that they received any Social Security benefits, nor did they report that any portion of their benefits was taxable.

D. Respondent's Deficiency Notices

In the notices of deficiency, respondent determined that petitioners received, but failed to report, taxable Social Security benefits of $7,434 for 1998 and $13,500 for 1999, which resulted in the deficiencies at issue. Respondent concluded that petitioners' conversion income is included in income pursuant to section 408A and, therefore, that petitioners' Social Security benefits are taxable pursuant to section 86.

Discussion[3]

A. Petitioners' Contention

In their petition, petitioners contend that respondent erred because:

_____

3 We need not decide whether sec. 7491, concerning burden of proof, applies to the present case because the facts are not in dispute and the issue is one of law. See Higbee v. Commissioner, 116 T.C. 438 (2001).

The IRS used our conversion of our IRA's from traditional to Roth as an excuse to cause our Social Security Benefits to become taxable that would not have otherwise been taxable. This was not the intent of the Roth IRA law.

Petitioners expanded on their contention at trial as follows:

IRS * * * used the words "rollover" and "distribution" interchangeably, sometimes in the same sentence, which from the point of view of taxing the IRA rollover, doesn't really matter.

When you go on next step down the line, and you're considering it as income, the rollover doesn't create income. A distribution would create income, but a rollover doesn't. You don't get any money. And from a simplistic point of view, there's the difference between not getting money and getting money.

When the law was passed with reference to taxability of Social Security benefits, they referred to income. And I think they meant actual income. Money that you got, not a mythical amount of money that you didn't get.

* * * * * * *

There is a big difference between getting money and not getting money. And I don't think my Social Security benefits should be taxed based on money I didn't get. * * * Yes, as far as taxing the rollover, it is a taxable rollover. But it is not a distribution.

Now, the fact that Form 8606 said to report this on [Form 1040] line 15b [taxable amount of IRA distribution] is their directions. We ended up reporting a rollover on a line that is specifically for distributions. That creates an error, because there is nothing in the Code to exclude anything on line 15b when it comes to calculating taxability of Social Security benefits.

* * * * * * *

> I have the problem with considering that as income, when it isn't, considering it as a distribution, which it isn't * * *. Now you owe tax on your Social Security benefits, because you had so much money coming in. But I didn't have so much money coming in.

We disagree with petitioners' contention. As a matter of statutory interpretation, the plain language of the statute and the regulations mandates that we sustain respondent's determination on the disputed issue.

B. Roth IRA

The Taxpayer Relief Act of 1997 (TRA 1997), Pub. L. 105-34, sec. 302, 111 Stat. 788, 825, established a new individual retirement plan called the "Roth IRA", effective for taxable years beginning after December 31, 1997.[4] See sec. 408A. Congress created the Roth IRA to further encourage individual savings by allowing funds set aside in a tax-favored account to be withdrawn without tax after a reasonable holding period for retirement or certain special purposes. See H. Rept. 105-148, at 337 (1997), 1997-4 C.B. (Vol. 1) 319, 659; S. Rept. 105-33, at 29 (1997), 1997-4 C.B. (Vol. 2) 1067, 1109. The tax characteristics of the Roth IRA are: (1) Contributions are nondeductible, sec. 408A(c)(1); (2) earnings accumulate tax free, sec. 408A(a); see sec. 408(e); and (3) qualified distributions are not includable

---

[4] On Feb. 4, 1999, the IRS issued final regulations, secs. 1.408A-1 through -9, applicable to taxable years beginning after Dec. 31, 1997. See sec. 1.408A-9, Income Tax Regs.

in income if all requirements are satisfied, sec. 408A(d)(1)(A);
see sec. 1.408A-1, Income Tax Regs.

Beginning in 1998, eligible taxpayers could establish a new
Roth IRA either with a regular contribution or a qualified
rollover contribution (including conversion contributions).  See
sec. 408A(c)(3)(B), (c)(6), (d)(3)(C); see also sec. 1.408A-3 and
1.408A-4, Income Tax Regs.  Taxpayers could accomplish a
conversion contribution by any of the following three methods:

> (1) An amount distributed from a traditional IRA is
> contributed (rolled over) to a Roth IRA * * *

> (2) An amount in a traditional IRA is transferred in a
> trustee-to-trustee transfer from the trustee of the
> traditional IRA to the trustee of the Roth IRA; or

> (3) An amount in a traditional IRA is transferred to a
> Roth IRA maintained by the same trustee. * * *

Sec. 1.408A-4, Q&A-1(a), Income Tax Regs.; see H. Rept. 105-148,
at 339, (1997), 1997-4 C.B. (Vol. 1) 319, 661; S. Rept. 105-33,
at 32, (1997), 1997-4 C.B. (Vol. 2) 1067, 1112.

For tax purposes, the converted amount is treated as a
distribution from the traditional IRA and as a qualified rollover
contribution to the Roth IRA.  Sec. 1.408A-4, Q&A-1(c), Income
Tax Regs.  Specifically with respect to conversions to a Roth
IRA, the amount distributed from the traditional IRA is treated
as a taxable distribution (except for nondeductible
contributions) and, therefore, included in gross income.  See
sec. 408A(d)(3)(A)(i); sec. 1.408A-4, Q&A-7(a), Income Tax Regs.;

see also H. Conf. Rept. 105-220, at 380 (1997), 1997-4 C.B. (Vol. 2) 1457, 1850 (wherein the conference committee articulated the intent to tax conversion income currently such that the "Amounts that would have been includible in income had the amounts converted been withdrawn are includible in income ratably over 4 years."); contrast with sec. 408(d)(3) (a qualified rollover contribution among nonRoth IRAs is not included in gross income if it meets certain requirements). Furthermore, the pertinent parts of the regulations provide:

> any taxable conversion amount includible in gross income for a year as a result of the conversion (regardless of whether the individual is using a 4-year spread) is included in income for all purposes. Thus, for example, it is counted for purposes of determining the taxable portion of social security payments under section 86 * * *. [Sec. 1.408A-4, Q&A-9, Income Tax Regs.]

C. <u>Calculating the Taxable Portion of Petitioners' Social Security Benefits</u>

Section 86 provides for the taxability of Social Security benefits pursuant to a statutory formula. Thus, if a taxpayer's "modified adjusted gross income" (MAGI) plus one-half of the taxpayer's Social Security benefits exceeds a certain base amount, then a portion of the taxpayer's Social Security benefits is includable in gross income and subject to Federal income tax. Sec. 86(a) through (d).

Section 86(b)(2) defines MAGI as adjusted gross income, less certain specified types of income plus tax-exempt interest, which

are not present here. For an individual taxpayer, AGI is gross income minus a specifically enumerated list of deductions, which deductions also are not present here. Sec. 62. Finally, section 61 defines gross income as "all income from whatever source derived", unless otherwise provided. Section 61(a)(9) and (11) expressly defines gross income to include income from annuities and pensions. Therefore, petitioners' gross income includes their conversion income. See sec. 408A(d)(3)(A), (C).

Accordingly, petitioners had MAGI of $43,127.58 in 1998 and $48,742.89 in 1999, sec. 86(b)(2), and they received Social Security benefits of $8,838 and $15,882, respectively. As a result, petitioners' MAGI plus one-half of their benefits ($47,546.58 for 1998 and $56,683.89 for 1999) exceeds the base amount, and, therefore, a portion of their Social Security benefits is taxable. See sec. 86(a)(2), (c)(2).

D. The Tax Consequences of Petitioners' IRA Conversion

Petitioners agree that their conversion income is a "taxable rollover" requiring them to pay income tax on such income. However, petitioners object to the conversion income's being characterized as a "taxable distribution" that has the effect of making their Social Security benefits taxable under section 86. Petitioners, however, do not fully appreciate the tax consequences involving a conversion of a traditional IRA to a Roth IRA.

As stated above, a conversion from a traditional IRA to a new Roth IRA is a taxable recognition event such that the rollover distribution is included in gross income for all tax purposes, unless otherwise specifically provided, whether or not petitioners actually receive money.  Furthermore, neither section 408A nor section 86 specifically excludes conversion income in the calculation of gross income for purposes of Social Security benefits.  At trial, petitioners also specifically acknowledged the absence of any provision shielding Social Security benefits from the tax consequences of a conversion from a traditional IRA to a Roth IRA.  Accordingly, we have no basis to carve out such an exclusion.

E.  Conclusion

We hold that petitioners' conversion income is included as an item of income for purposes of calculating the taxability of their Social Security benefits.  In view of the foregoing, we sustain respondent's determination on the disputed issue.

We have considered all of the other arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to our disposition of the disputed issue, as well as respondent's concession,

Decision will be entered under Rule 155 in docket No. 13170-00S.

Decision will be entered for respondent in docket No. 3727-02S.